<u>NOT FOR PUBLICATION</u>

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| ANA DE ARCHULETA, *et al.*,<br><br>　　Plaintiffs,<br><br>　　v.<br><br>VORO INC., *et al.*,<br><br>　　Defendants. | No. 24cv5943 (EP) (MAH)<br><br>**MEMORANDUM ORDER** |

**PADIN**, **District Judge.**

　　Plaintiffs Ana De Archuleta and Timothy Reynolds allege, in substance, that Defendants Voro Inc. and Voro Motors Inc. knowingly manufactured and/or sold a defective scooter that injured De Archuleta and caused Reynolds to suffer a loss of consortium and/or companionship. *See* D.E 1 ("Complaint" or "Compl."). Plaintiffs move for default. D.E. 8. For the reasons below, the Court will **DENY** the motion and direct Defendants to answer.

　　Plaintiffs served the Summons and Complaint on May 17, 2024. D.Es. 7-3, 7-4. On July 17, 2024, having received no responsive pleading or other communication from Defendants, Plaintiffs' counsel emailed Defendants. D.E. 7-5.

　　On July 19, 2024, the law firm WHGC, P.L.C., responded that their firm was in the process of being retained by Defendants and requested a 15-day extension to file a responsive pleading. D.E. 7-6. Plaintiffs consented. *Id.* at 2. On July 31, 2024, that firm emailed to inform Plaintiffs' counsel that Defendants chose not to retain the firm. D.E. 7-7.

On August 20, 2024, Plaintiffs received an email from a different firm, BBC Law, LLP, which stated that Defendants retained the firm to represent them and requested a 30-day extension of time to answer. Monaco Decl. ¶ 6.[1] Plaintiffs responded with a stipulation. *Id.*

On September 3, 2024, Defendants' counsel replied with a modified stipulation. *Id.* ¶ 7. The same day, Plaintiffs rejected the stipulation and provided a new stipulation. *Id.* On September 4, 2024, Defendants' counsel entered an appearance on the docket. D.E. 6. On September 11, 2024, Defendants' counsel rejected the new stipulation. *Id.* ¶ 8.

On September 12, 2024, Plaintiffs filed this motion seeking a Clerk's default. D.E. 7 ("Motion"). Defendants opposed the same day, including a "cross-motion" for a 30-day extension.[2] D.E. 8 ("Opp'n").

Before parties may move for default judgment pursuant to Rule 55(b), they must have the Clerk enter default pursuant to Rule 55(a), which provides for default "[w]hen a party against whom a judgment for affirmative relief is sought has failed to plead *or otherwise defend.*" Fed. R. Civ. P. 55(a) (emphasis added); *DeTore v. Local No. 245 of the Jersey City Pub. Employees Union*, 511 F. Supp. 171, 176 (D.N.J. 1981). Thus, Rule 55 contemplates a two-step process: first, the entry of default; then, if the defendant fails to seek vacatur of default, a subsequent motion for default judgment. *Simpkins v. Parker*, No. 23cv20973, 2024 U.S. Dist. LEXIS 131436, at *1 (D.N.J. July 24, 2024).

This two-step process reflects the Third Circuit's policy of disfavoring default judgments and encouraging decisions on the merits. *Harad v. Aetna Casualty and Surety Co.*, 839 F.2d 979, 982 (3d Cir. 1988) (citations omitted); *United States v. $55, 518.05 in U.S. Currency*, 728 F.2d

---

[1] Declaration of Plaintiffs' counsel Joseph D. Monaco, III. D.E. 7-1.
[2] Plaintiff's opposition and "cross-motion" is a letter unaccompanied by a notice of motion.

2

192, 194-95 (3d Cir. 1984). "'Where a defendant appears and indicates a desire to contest an action, a court may exercise its discretion to refuse to enter default, in accordance with the policy of allowing cases to be tried on the merits.'" *Xuehai Li v. Yun Zhang*, No. 22cv891, 2023 U.S. Dist. LEXIS 220712, at *11 (D.N.J. Dec. 12, 2023) (quoting *Lee v. Bhd. of Maint. of Way Emps.*, 139 F.R.D. 376, 381 (D. Minn. 1991)).

Here, the parties dispute the precise circumstances and disagreement surrounding the stipulation. For example, Defendants explain that they were only willing to waive objections to jurisdiction and venue, but could not agree to other conditions.[3]

Plaintiffs assert a 98-day delay in answering. Monaco Decl. ¶ 9. However, the delay appears attributable to confusion regarding Defendants' representation and the exact terms of the stipulation. However, since Defendants' counsel was retained on August 20, 2024, counsel have regularly communicated regarding this action. Opp'n at 2. Considering the Third Circuit's preference for resolving matters on their merits and Defendants' clear intention to defend, a 98-day delay alone is insufficient to merit default. *See Davis v. Corr. Med. Sys.*, 480 F. Supp. 2d 754, 757-58 (D. Del. 2007) (denying entry of default judgment where defendant appeared nearly four months after service); *see also Spann v. Cox Commc'n*, No. 23cv93, 2023 U.S. Dist. LEXIS 185074, at *4-5 (D. Nev. Oct. 16, 2023) (finding clerk's entry of default inappropriate because defendant indicated its intent to defend by filing a limited notice of appearance); *cf. McLean v. Wayside Outreach Dev., Inc.*, 624 F. App'x 44, 45 (2d Cir. 2015) (finding willful default where defendant failed to appear at pretrial conference and waited three months to retain counsel and two more months to petition to set aside default).

---

[3] It is unclear from the record exactly which other waivers Plaintiffs sought.

Finally, though default is inappropriate and Defendants are permitted to answer, Defendants have not formally moved—or justified—an additional 30-day extension. Accordingly, it is

**ORDERED** that Plaintiffs' motion for entry of default, D.E. 7, is **DENIED**; and it is finally

**ORDERED** that Defendants shall answer or otherwise move within 14 days of this Order.[4]

September 18, 2024

Evelyn Padin, U.S.D.J.

---

[4] Defendants are directed to familiarize themselves with this Court's preferences, including the requirement for a pre-motion letter.